```
IN THE UNITED STATES DISTRICT COURT

       FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,   )   CR. No. 18-00065 HG
                            )
                            )
           Plaintiff,       )
                            )
     vs.                    )
                            )
KYLE CROSS,                 )
                            )
                            )
           Defendant.       )
                            )
_____)
```

**ORDER DENYING DEFENDANT KYLE CROSS'S MOTION TO AMEND HIS PRESENTENCE REPORT (ECF No. 40)**

On April 1, 2019, Defendant Kyle Cross was sentenced to 37-months of imprisonment. Defendant was released on bail with a mittimus date of May 13, 2019.

On May 2, 2019, Defendant tested positive for and admitted to using cocaine. Defendant's bail was revoked due to his drug use in violation of the conditions of his supervised release.

Defendant seeks to amend his Presentence Investigation Report to include information about his post-sentencing positive drug test because he believes this will assist him in gaining entrance to the Residential Drug Abuse Program.

The Court lacks the authority to modify the Presentence Investigation Report.

Defendant's Motion to Amend His Presentence Report (ECF No. 40) is **DENIED.**

**BACKGROUND**

**I. THE INDICTMENT**

On May 16, 2018, an Indictment was returned charging Defendant with one count of knowingly and intentionally conspiring with others to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. (ECF No. 1).

On October 1, 2018, Defendant Cross entered a plea of guilty. (ECF No. 19).

**II. THE PRESENTENCE INVESTIGATION REPORT AND SENTENCING**

The Probation Office prepared a Presentence Investigation Report ("PSR") which was filed on March 20, 2019.[1] (PSR, ECF No. 30). The Presentence Investigation Report determined Defendant's total base offense level was 25 and his criminal history category was I. (Id. at ¶ 68). The guideline range for imprisonment was 57 months to 71 months. (Id.)

In the Presentence Investigation Report, the Probation Officer made the following finding concerning Defendant's history of substance abuse:

---

[1] The Probation Office filed an initial Presentence Investigation Report on December 14, 2018. (ECF No. 23). The initial PSR was amended to reflect previously unreported traffic violations. (ECF No. 27).

> The defendant reported that he had no history of
> substance abuse issues to U.S. Pretrial Services.
> However, on 05/24/2018, the defendant provided a urine
> sample that tested positive for cocaine. The defendant
> subsequently admitted to using cocaine the week prior.
> The defendant has been compliant with all subsequent
> drug testing, and has not tested positive for illicit
> substances since 05/30/2018.

(Id. at ¶ 54).

On April 1, 2019, the Court held a sentencing hearing. (ECF No. 32). Defendant did not object to the Presentence Investigation Report's finding as stated above. (PSR at ¶¶ 53-54, ECF No. 30). The Court sentenced Defendant to 37 months imprisonment. (Sentencing Minutes, ECF No. 32).

Judgment was filed on April 4, 2019. (Judgment, ECF No. 33). The Court recommended to the Bureau of Prisons that Defendant receive Residential Drug Abuse Program treatment. (Judgment at p. 2, ECF No. 33). Defendant was released on bail with a mittimus date of May 13, 2019. (Id.)

On May 2, 2019, Defendant tested positive for and admitted to using cocaine. (ECF No. 35). Defendant's bail was revoked due to his violation of the conditions of his supervised release. (ECF No. 38).

On October 1, 2019, Defendant filed the present Motion to Amend the Presentence Investigation Report. (Mot. to Amend, ECF No. 40).

**ANALYSIS**

**I.   DEFENDANT'S REQUEST TO AMEND THE PRESENTENCE INVESTIGATION REPORT**

Defendant requests that the Court amend the Presentence Investigation Report to include reference to his post-sentencing positive drug test. (Mot. to Amend, ECF No. 40). Defendant believes adding information about the May 2019 drug use to his Presentence Investigation Report will assist his admittance to the Federal Bureau of Prison's Residential Drug Abuse Program. (Id.)

**II.  THE COURT LACKS JURISDICTION TO CONSIDER DEFENDANT'S REQUEST**

The Court lacks the authority to order a post-sentencing modification of the Presentence Investigation Report. United States v. Turman, 574 Fed. Appx. 747 (9th Cir. 2014); United States v. Cripps, 2017 WL 1115972, at *1 (E.D. Cal. March 27, 2017).

Federal Rule of Criminal Procedure 32(c) requires a probation officer to conduct a presentence investigation and submit a Presentence Investigation Report before the Court sentences the defendant. See Fed. R. Crim. P. 32(c). Defendants are entitled to review the Presentence Investigation Report, Rule 32(e), object to the Presentence Investigation Report before it is submitted to the Court, Rule 32(f), and object again at

4

sentencing, Rule 32(i)(1)(D).

The district court's jurisdiction over the defendant is limited after the court has heard objections to the Presentence Investigation Report and has imposed a sentence. See Fed. R. Crim. P. 32; Cripps, 2017 WL 1115972, at *1. After "the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report." United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir. 1989).

The conduct Defendant would like added to his Presentence Investigation Report occurred one-month after he was sentenced.

No rule in the Federal Rules of Criminal Procedure offers a means to make a substantive post-sentence correction or amendment to a Presentence Investigation Report. See Fed. R. Crim. P. 35(e) (district court may correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after imposition of sentence); Fed. R. Crim. P. 36 (district court may correct a "clerical error" in a judgment at any time); see Cripps, 2017 WL 1115972, at *1.

The Court lacks jurisdiction to consider Defendant's request to amend his presentence report to include conduct that occurred after he was sentenced.

**CONCLUSION**

Defendant's Motion to Amend His Presentence Report (ECF No. 40) is **DENIED**.

IT IS SO ORDERED.

DATED: November 27, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Kyle Cross, Cr. No. 18-00065 HG; **ORDER DENYING DEFENDANT KYLE CROSS'S MOTION TO AMEND HIS PRESENTENCE REPORT (ECF No. 40)**