IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR. NO. 18-00065 HG-01
                               )
              Plaintiff,       )
                               )
        vs.                    )
                               )
KYLE CROSS,                    )
                               )
              Defendant.       )
                               )
_____)

**ORDER DENYING DEFENDANT KYLE CROSS'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 43)**

Defendant is currently incarcerated at the Federal Correctional Institute Sheridan in Oregon with a projected release date of December 22, 2021.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic. He claims that he has medical conditions that place him at high risk of suffering serious complications should he contract the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, the Court finds that Defendant's release is not appropriate. Defendant has not established that his mild asthma, body mass index of 31.9, treatment for anxiety, and the threat of exposure to COVID-19

1

constitutes an extraordinary and compelling reason to reduce his sentence.

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 43) is **DENIED**.

## PROCEDURAL HISTORY

On May 16, 2018, the grand jury returned an Indictment charging Defendant Cross with one count of Conspiracy to Distribute and Possess with Intent to Distribute Fifty (50) Grams or More of Methamphetamine.  (ECF No. 1).

On October 1, 2018, Defendant pled guilty to the Indictment. (ECF No. 19).

On April 1, 2019, the Court held a sentencing hearing.  (ECF No. 32).

Defendant was sentenced to 37 months imprisonment followed by a term of supervised release of 5 years.  (ECF No. 33).

At the hearing, the Court granted Defendant's counsel's oral motion for Defendant to self surrender to the institution designated by the Bureau of Prisons.  Defendant was to follow the previously imposed bail conditions until his mittimus date of May 13, 2019.  (ECF No. 32).

On May 2, 2019, while Defendant awaited his mittimus date, Defendant used cocaine in violation of the terms of his release. (ECF Nos. 35, 38).

The Court issued an ORDER TO SHOW CAUSE WHY PRETRIAL RELEASE

SHOULD NOT BE REVOKED and held a hearing on May 10, 2019.  (ECF No. 38).  At the hearing, Defendant admitted to using cocaine, and Defendant was remanded to the custody of the U.S. Marshal to begin serving his sentence.  (Id.)

On June 25, 2020, Defendant filed EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 43).

On July 10, 2020, the Government filed its Opposition.  (ECF No. 47).

On July 15, 2020, Defendant filed his Reply.  (ECF No. 48).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court

reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  extraordinary and compelling reasons warrant such a reduction;
> ...
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  In order to file a motion for compassionate release directly with the court, defendant must have either:

(1)  "fully exhausted all administrative rights" with the

4

Bureau of Prisons; or,

(2)  filed his motion with the court after "the lapse of 30
days from the receipt of such a request by the warden
of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d
594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for
compassionate release with the BOP or the warden of the
defendant's facility is a mandatory rule.  United States v. Alam,
960 F.3d 831, 832-34 (6th Cir. 2020).  The defendant must either
"fully exhaust" his request with the BOP or wait 30 days from the
date of filing his request with the warden before the Court may
consider a request for compassionate release.  See United States
v. Haney,    F.Supp.3d    , 2020 WL 1821988, *3 (S.D.N.Y Apr.
13, 2020) (explaining the statute "requires the defendant either
to exhaust administrative remedies or simply to wait 30 days
after serving his petition on the warden of his facility before
filing a motion in court").

The Parties agree that Defendant has complied with the
procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the
Court may consider his motion for compassionate release.  On May
19, 2020, Defendant submitted a request for compassionate release
to the warden of the Federal Correctional Institute ("FCI") at
Sheridan.  (Inmate Request dated May 19, 2020, Received on June
1, 2010, attached as Ex. B at p. 4 to Def.'s Motion, ECF No. 43-
5).  More than thirty days have lapsed since the Defendant

submitted his request which allows the Court to consider

Defendant's Motion pursuant to 18 U.S.C. § 3582(c)(1)(A).  <u>Haney</u>,

2020 WL 1821988, at *3.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural

requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District

Court may reduce a term of imprisonment, including the grant of

compassionate release, upon finding "extraordinary and compelling

reasons" consistent with applicable policy statements of the

Sentencing Commission.

The Sentencing Commission's policy statement is provided in

United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may
> impose a term of supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment) if, after
> considering the factors set forth in 18 U.S.C. §
> 3553(a), to the extent that they are applicable, the
> court determines that—
>
> (1)(A)   Extraordinary and compelling reasons
>          warrant the reduction; or
>
>    (B)   The defendant (i) is at least 70 years
>          old; and (ii) has served at least 30
>          years in prison pursuant to a sentence
>          imposed under 18 U.S.C. § 3559(c) for
>          the offense or offenses for which the
>          defendant is imprisoned;
>
> (2)      The defendant is not a danger to the
>          safety of any other person or to the
>          community, as provided in 18 U.S.C. §
>          3142(g); and
>
> (3)      The reduction is consistent with this

6

policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c).  Defendant is only entitled to relief if he demonstrates:

(1)  extraordinary and compelling reasons warrant a sentence reduction;

(2)  he is not a danger to the safety of others or the community; and,

(3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### 1.   Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's comment explains that

7

extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or

in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 37 years old.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant his immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020). Defendant has failed to do so.

Defendant's general concerns about potential exposure to COVID-19 at the FCI Sheridan do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart,    F.Supp.3d    , 2020 WL 1450745, *2 (N.D. Cal. Mar. 25, 2020); United States v. Carver,    F.Supp.3d    , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19, including people with chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

A review of Defendant's medical records demonstrates that he does not suffer from any severe condition or combination of conditions that would warrant immediate release.  (BOP Medical Records, attached as Ex. C to Def.'s Motion, ECF No. 46).

Defendant does not have a diagnosis of chronic lung disease, serious heart conditions, chronic kidney disease requiring dialysis, liver disease, or diabetes.  There is no evidence that Defendant is immunocompromised.

Defendant's medical records indicate that Defendant was diagnosed with "Asthma, unspecified, J45909 - Current."  (BOP Medical Records at pp. 2, 7, 20, 30, 73, attached as Ex. C to Def.'s Motion, ECF No. 46).  The Government explains in its response that Defendant's diagnosis code is used for mild asthma, and not for the moderate or severe cases of asthma that would support compassionate release.  (Gov't Response at pp. 7-8, ECF No. 47; CDC International Classification of Diseases Chart for Asthma, attached as Ex. 1 to Gov't Response, ECF No. 47-3).

Defendant's Bureau of Prison Medical Records from Sheridan describe Defendant self-reporting asthma symptoms as seasonal with mild shortness of breath.  (BOP Medical Records at p. 19, ECF No. 46).  Defendant's medical records do not demonstrate any persistent moderate or severe asthma.  When Defendant began his term of incarceration, he did not report any prior respiratory problems.  (BOP Medical Records, attached as Ex. C to Def.'s Motion, ECF No. 46).  Defendant's Presentence Report does not reflect any history of asthma or any other chronic or severe condition.  (Presentence Investigation Report at p. 11, ECF No. 30).

Defendant is currently prescribed an albuterol inhaler with instructions to use as needed, and not to be taken on a daily

basis.  (BOP Medical Records at p. 9, attached as Ex. C to Def.'s
Motion, ECF No. 46).  Defendant is also prescribed a mometasone
furoate inhaler, a steroid used to treat asthma.  (Id.)  There
are no medical records that indicate Defendant has required any
additional medical attention related to his asthma or any other
medical condition.

Defendant reports that as of April 2020, he had a Body Mass
Index of 31.9.  (Def.'s Reply at p. 3, ECF No. 48).  He argues
that the current CDC guidelines assert that an individual with a
Body Mass Index over 30 is at risk for severe illness from COVID-
19.  (Id.)  The Court finds that this factor alone is
insufficient to demonstrate extraordinary and compelling
conditions exist to support his immediate release.

Defendant has not demonstrated that he has any current
medical conditions that are so severe as to warrant immediate
release.  Defendant, instead, relies on mild conditions that can
be treated while he is incarcerated.  Conditions that can be
managed in prison are not a basis for compassionate release.
United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL
3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt.
n.1(A)).

Defendant's Motion also argues for immediate release based
on his anxiety and depression.  Defendant has not demonstrated
that his conditions support a basis for immediate release.

Defendant does not have any current medical condition that
is terminal or substantially diminishes his ability to provide

self-care within the environment of a correctional facility.
U.S.S.G. § 1B1.13 cmt. n.1(A)(i-ii).

### 2.   Section 3553(a) Factors

In order to be eligible for compassionate release, Defendant
must establish release is appropriate pursuant to the factors set
forth in 18 U.S.C. § 3553(a) and that he is not a danger to the
safety of others or the community.  18 U.S.C. § 3582(c)(1)(A);
U.S.S.G. § 1B1.13(2).

Defendant does not have a history of violence, but the
Section 3553(a) sentencing factors do not weigh in favor of a
reduced sentence.  The Section 3553(a) factors include the nature
and circumstances of the offense, the history and characteristics
of the defendant, and the need for the sentence imposed.  The
nature and circumstances of Defendant Cross's offense weigh in
favor of his 37-month sentence.

Defendant was a member of a drug conspiracy and was
responsible for trafficking more than 100 grams of highly pure
methamphetamine.  (Presentence Investigation Report at ¶ 21, ECF
No. 30).  Defendant was subject to a mandatory minimum statutory
sentence of 120 months imprisonment for the offense.  (Id. at p.
21).  Defendant qualified for the safety value provision and
received a significant downward departure to receive a sentence
of only 37 months incarceration, more than 80 months less than
the mandatory minimum sentence provided by statute.  (Id.)

A sentence of less than 37 months for the conduct for which

12

Defendant is incarcerated would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct.

Defendant has a history of disobeying Court orders and violating traffic laws.  Defendant is in arrears for State of Hawaii fines and fees in the amount of $28,831.53.  Defendant has multiple convictions for Driving Without a License, No Motor Vehicle Insurance, Speeding, as well as for Racing.  (Presentence Report at pp. 14-15, ECF No. 30).

Defendant's history and characteristics do not favor a reduced sentence.  Defendant's use of cocaine prior to his arraignment and following his sentencing demonstrate a disregard for the law, the Court's orders, and the terms of supervision.

Defendant's immediate release is not appropriate considering the totality of the circumstances.

<u>CONCLUSION</u>

Defendant's Emergency Motion To Reduce Sentence Under The First Step Act (ECF No. 43) is **DENIED.**

IT IS SO ORDERED.

Dated: August 10, 2020, Honolulu, Hawaii

Helen Gillmor
United States District Judge

<u>United States v. Kyle Cross</u>, Crim. No. 18-00065 HG-01; **ORDER DENYING DEFENDANT KYLE CROSS'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT(ECF No. 43)**